**REVERSE AND REMAND IN PART AND AFFIRM IN PART; Opinion Filed April 26, 2022**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-21-00977-CV**

**IN THE INTEREST OF A.C.J., A CHILD**

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-19-13596**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Schenck

Father appeals the trial court's order naming him a possessory conservator of his child, A.C.J. In his first issue, he challenges the sufficiency of the evidence to support the appointment of non-parents as managing conservators. In his second issue, he argues he is entitled to a new trial under appellate rule 34.6(f) because, among other things, the reporter's record has been lost or destroyed through no fault of his own. The Department of Family and Protective Services ("CPS") agrees that based upon the loss of the reporter's record, Father is entitled to a new trial. We reverse and remand for new trial the portion of the trial court's judgment appointing Father as possessory conservator of A.C.J. and appointing non-parents as managing

conservators of A.C.J.[1]  We affirm the portion of the trial court's judgment appointing Mother, who did not appeal, as possessory conservator of A.C.J.  Because all issues are settled in law, we issue this memorandum opinion.  TEX. R. APP. P. 47.4.

## BACKGROUND

CPS filed the underlying suit for the protection and conservatorship of A.C.J. and for termination of the parental rights of Father and Mother.  Shortly thereafter, the court appointed CPS as the temporary managing conservator.  After a bench trial, which was conducted on August 18 and continued on October 5 of 2021, the trial court appointed A.C.J.'s relatives, T.F. and D.F., as joint managing conservators and Father and Mother as possessory conservators of the child.  Only Father appealed.

The official court reporter of the trial court filed a letter informing this Court that she was unable to transcribe the reporter's record in this case because of a malfunction related to her stenography equipment.  This Court abated the appeal for an evidentiary hearing pursuant to rule 34.6(f) of the rules of appellate procedure. *See* TEX. R. APP. P. 34.6(f).  The trial court conducted that evidentiary hearing, and a supplemental record of that hearing was filed with this Court.  The trial court then entered an order containing findings consistent with the requirements of rule 34.6(f).

---

[1] The trial court must conduct a new trial to commence no later than 180 days after the mandate in this case is issued.  *See* TEX. R. APP. P. 28.4(c).

## DISCUSSION

In his second issue, Father's argues he is entitled to a new trial under appellate rule 34.6(f). CPS agrees that based upon the loss of the reporter's record, Father is entitled to a new trial and prays this Court reverse the portion of the judgment only as to Father.

Under rule 34.6(f), an appellant is entitled to a new trial under the following circumstances:

> (1) if the appellant has timely requested a reporter's record;
>
> (2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;
>
> (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and
>
> (4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

*See* TEX. R. APP. P. 34.6(f).

We review a trial court's findings under appellate rule 34.6(f) for an abuse of discretion. *In re S.V.*, 599 S.W.3d 25, 32 (Tex. App.—Dallas 2017, pet. denied).

During the rule 34.6(f) hearing, the court reporter testified to the malfunction of her equipment and the lack of any other record than handwritten notes of the proceeding, which showed six witnesses testified during the bench trial. Counsel

–3–

for CPS and Father stated they could not agree on reconstruction of the lost record. In its order filed with this Court after the hearing, the trial court made the following relevant findings:

(1) A bench trial was held in this case on August 18, 2021[;]

(2) [a] motion to reopen trial was held on October 5, 2021[;]

(3) [t]he final Order in this case was signed on October 19, 2021[;]

(4) [t]he Certified Court Reporter on August 18, 2021 was Yolanda Atkins who reported the entire trial[;]

(5) [o]n October 11, 2021, Father's attorney requested preparation of the record from the August 18, 2021 trial[;]

(6) [when Ms. Atkins] attempted to pull up the record of the August 18, 2021 trial . . . there was just a line[;]

(7) [Ms. Atkins had] no backup on her machine nor did she use a separate recording device[;]

(8) [t]he record is necessary to the resolution of the appeal[; and,]

(9) [t]he parties do not agree to replacement of the record.

The record reflects Father timely requested a reporter's record before the final order was signed. *See* TEX. R. APP. P. 34.6(f)(1) (appellant must have timely requested reporter's record). Further, the record, including the court reporter's testimony, supports the trial court's finding that, without any fault of Father, a significant portion of the electronic recording of the bench trial was lost or destroyed. *See id.* R. 34.6(f)(2). The record also supports the court's findings that the lost or destroyed record is necessary to the resolution of this appeal and that the parties do not agree to the replacement of the record. *See id.* R. 34.6(f)(3), (4).

We agree with the parties that the circumstances detailed in rule 34.6(f) are present here and thus Father is entitled to a new trial. *See* TEX. R. APP. P. 34.6(f); *see, e.g.*, *In re J.T.*, No. 02-20-00056-CV, 2020 WL 2073749, at *2 (Tex. App.—Fort Worth Apr. 30, 2020, no pet.) (mem. op.) (remanding case "for a new trial as to Father" where portion of audio file of proceedings was incomplete); *In re N.A.H.*, No. 14-19-00834-CV, 2019 WL 6606724, at *1 (Tex. App.—Houston [14th Dist.] Dec. 5, 2019, no pet.) (mem. op.) (per curiam) (remanding case to trial court for new trial "to be held as to only those claims brought by the Department against Mother" and leaving remainder of decree undisturbed). Accordingly, we sustain his second issue.

In his first issue, Father challenges the sufficiency of the evidence to support the appointment of non-parents as managing conservators. CPS requests that this Court reverse the judgment "only as it relates to Appellant-Father," but concedes the record of its "entire case-in-chief . . . was lost." Therefore, the missing record precludes us from reviewing Father's challenge to the appointment of non-parent relatives as managing conservators. Accordingly, we conclude the portion of the judgment awarding managing conservatorship to non-parent relatives must also be addressed anew in the new trial.

## CONCLUSION

We affirm that portion of the judgment as it relates to Mother. We reverse and remand for new trial the portion of the trial court's judgment appointing Father

as possessory conservator of A.C.J. and appointing non-parents as managing conservators of A.C.J.[2]


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE


210977F.P05

---

[2] The trial court must conduct a new trial to commence no later than 180 days after the mandate in this case is issued. *See* TEX. R. APP. P. 28.4(c).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF A.C.J., A CHILD

No. 05-21-00977-CV

On Appeal from the 255th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-19-13596.
Opinion delivered by Justice Schenck. Justices Osborne and Partida-Kipness participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** and **REMAND** for new trial that portion of the trial court's judgment appointing Father Sedrick Deshun Johnson Sr. as possessory conservator of A.C.J. and appointing non-parents as managing conservators of A.C.J. We **AFFIRM** the portion of the trial court's judgment appointing Mother Chrystal Jackson, who did not appeal, as possessory conservator of A.C.J. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that Father SEDRICK DESHUN JOHNSON SR. recover his costs of this appeal from the TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES.

Judgment entered this 26th day of April 2022.